NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CHRISTOPHER LOVELADY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES OF AMERICA, <br><br> Defendants - Appellees. | No. 25-2437 <br><br> D.C. No. 3:24-cv-00075-JD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted June 30, 2026**

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Christopher Lovelady (Lovelady) appeals pro se the

district court's second order granting a motion to dismiss filed by Defendants-

Appellees United States Customs and Border Protection and United States of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

America (CBP).  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, we affirm.

1.  The district court did not err in dismissing Lovelady's Fourth Amendment claim, based on failure to plausibly allege standing to seek declaratory or injunctive relief.  *See Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way.") (citations and internal quotation marks omitted).

"Plaintiffs may demonstrate that an injury is likely to recur by showing that the defendant had . . . a written policy, and that the injury stems from that policy." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023) (citation, alterations, and internal quotation marks omitted).  Lovelady's First Amended Complaint (FAC) affirmatively alleged that there was no standard policy for officer engagement with disembarking passengers. And on appeal, Lovelady maintains that the facts in this case involved a non-routine process at the San Francisco International Airport.

2.  The district court did not err in dismissing Lovelady's FTCA claims for false imprisonment, assault, and battery.  We agree with the district court that Lovelady did not plausibly allege false imprisonment because his temporary

detention was reasonably related to a routine search. Lovelady was detained at the airport when he failed to answer the CBP's screening question, even when asked multiple times, and ignored multiple instructions on how to retrieve his passport. There was no allegation that any of the officers' actions were unlawful. *See Tekle v. United States*, 511 F.3d 839, 854 (9th Cir. 2007) (noting that one of the elements of false imprisonment is a lack of "lawful privilege"). As for Lovelady's assault and battery claims, the district court correctly held that he did not plausibly allege that the force used was unreasonable. The FAC acknowledges that Lovelady was nonresponsive to CBP's questions or directives, and CBP only mentioned using handcuffs but did not actually apply them to Lovelady. *See Avina v. United States*, 681 F.3d 1127, 1132 (9th Cir. 2012) ("Given the circumstances confronting the agents at the time—an adult man who was refusing to follow the agents' instructions . . . we cannot say that the agents acted unreasonably.") (citation omitted).

**3.** Lovelady asserts that during the CBP investigation, he should have been afforded an accommodation under the Rehabilitation Act of 1973, 29 U.S.C. § 794,[1] so that he did not "suffer greater injury or indignity." However, Lovelady

---

[1] 29 U.S.C. § 794 is commonly referred to as Section 504 of the Rehabilitation Act. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1199 (9th Cir. 2016).

has not plausibly alleged that the CBP failed to accommodate him because of his disability. *See Bax v. Drs. Med. Ctr. of Modesto, Inc.*, 52 F.4th 858, 866, 869 (9th Cir. 2022) (explaining that a plaintiff bringing a Section 504 claim must show that "he was denied the benefits of a certain program *solely* by reason of his disability") (citation and alteration omitted) (emphasis added). Thus, the district court did not err in dismissing Lovelady's claim under Section 504. *See id.* at 871.

**4.** The district court provided pro se Lovelady with an opportunity to amend his complaint prior to dismissal. Lovelady's first amended complaint raised the same claims and did not remedy the shortfalls in his original complaint. Thus, the district court noted that further amendment was not warranted, and did not abuse its discretion in dismissing the complaint with prejudice. *See Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1074 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 890 (2025) (concluding that "the complaint could not be saved by amendment, so dismissal with prejudice and without leave to amend was appropriate.").

**5.** The district court did not abuse its discretion by denying Lovelady's motions to reassign and to reconsider. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (explaining that "district courts enjoy a wide latitude of discretion in case management"); *see also United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("[I]n the absence of a legitimate reason to recuse

himself, a judge should participate in cases assigned.") (citations omitted). "Typically, the Supreme Court has only mandated recusal where a judge has a direct, personal, or substantial connection to the outcome of a case or to its parties." *In re Complaint of Jud. Misconduct*, 816 F.3d 1266, 1267 (9th Cir. 2016). Lovelady's affidavit asserts that the district court's dismissal orders referenced him by his surname and did not refer to him as "disabled," "Mr. Lovelady," or "Plaintiff." *See id.* These facts would not lead a reasonable person to "conclude that the judge's impartiality might reasonably be question[ed]." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

**AFFIRMED.**